### BELL and others *v.* UNITED STATES STAMPING Co.

*(Circuit Court, S. D. New York.   January 24, 1884.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT.
    It is no answer to an action for infringement of a patent, that all the parts of the patent were known before, if they were not known in that connection and arrangement.

2. SAME.
    Letters patent No. 140,619, dated July 8, 1873, granted to John B. Firth, for an improvement in cake-pans, and now owned by the plaintiff, *held*, to be infringed by letters patent No. 255,045, dated March 14, 1882, and granted to Joseph Smith for a patty-pan.

In Equity.
*George H. Fletcher*, for orators.
*J. L. N. Hunt* and *C. R. Ingersoll*, for defendant.

WHEELER, J.   This suit is upon letters patent No. 140,619, dated July 8, 1873, granted to John B. Firth, for an improvement in cake-pans, and now owned by the orators. The defenses are, want of novelty in the invention, want of invention in the patent, and non-infringement. The patent is for a cluster of cake-pans united to a plate having an aperture for each pan by a double-seam joint formed from the rim of the cup turned outward and the edge of the plate about the aperture turned upward, on the upper side of the plate. The defendants make and sell similar clusters, but the double-seamd joint is formed of the rim of the pan turned outward and then inward, and of the edge of the plate turned downward on the underside of the plate, according to letters patent 255,045, dated March 14, 1882, and granted to Joseph Smith, for a patty-pan. The principal things of this sort preceding Firth's patent were clusters of cups fastened to frames, pans riveted through the bottom to a plate, pans put through apertures in a plate with their rims turned out flat and riveted to the plate; pits in steam-tables and in the bottoms of wash-boilers, fastened by double-seamed and soldered joints; and double-seam joints in use generally among wares of these kinds. This patented

invention is not of the pans, or the plates, or the seams, but of the whole manufacture. The nearest previous approach to it in kind was the cluster with the rims riveted to the plate; and the nearest in principle was the bottom of the wash-boiler. Such a bottom, with two or four pits, as the evidence shows were made, would be awkward to use for, and hardly suggestive of, these small cake-pans. The rivets in the riveted cluster might be the equivalent of the double-seam joint, as a mere mode of fastening pieces of sheet-metal together in some places, for some purposes; but it would not be the equivalent in this place for this purpose. An even and smooth union was required; the riveted joint was rough and uneven; the double-seam joint there was nearly all that was desirable in these respects; and although not a new thing it was new in this place, and more than mere mechanical skill was requisite to the construction and arrangement of the necessary parts for successfully putting it there. It is no answer to the patent that all the parts were known before, if they were not known in that connection and arrangement before. *Smith* v. *Goodyear Co.* 93 U. S. 486; *Wallace* v. *Noyes*, 13 FED. REP. 172.

The defendant insists that, if the patent is valid, as there were double-seam joints, and cake-pans, and clusters of cake-pans fastened in a plate before, it can only cover Firth's precise mode of uniting the cake-pans in a cluster to the plate by the double-seam joint. *Ry. Co.* v. *Sayles*, 97 U. S. 554. This is doubtless true; and the defendant would not be liable if his mode was left to the orators who own the patent. His mode is the use of the double-seam joint there. The defendant has not left that but has taken it. His mode of using it has been changed, and perhaps improved upon, and that improvement has been patented, and perhaps properly patented, but that gives no right to what was before patented.

Let there be a decree for the orators for an injunction, and an account, with costs.